**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**PECOS DIVISION**

| | | |
|---|---|---|
| **PETER I. SHAH,** *Plaintiff,* | § | |
| **v.** | § | **P:25-CV-00039-DC** |
| **MAPLE ENERGY HOLDINGS, LLC, RIVERSTONE HOLDINGS, LLC, CHRISTOPHER A. ABBATE, VITAL ENERGY, INC, REEVES COUNTY SHERIFF,** *Defendants.* | § | |

## OMNIBUS ORDER

BEFORE THE COURT are the reports and recommendations ("R&Rs") from United States Magistrate Judge David B. Fannin concerning Defendants' Motions to Dismiss[1] and Defendant Maple Energy Holdings, LLC's ("Maple Energy") Motion for Sanctions.[2] Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, the Magistrate Judge issued his R&Rs concerning the motions to dismiss on April 28 and April 29, 2026.[3] The Magistrate Judge issued his R&R on the motion for sanctions on May 6, 2026.[4] Having considered the R&Rs, the motions, and the objections, the Court **ADOPTS** the R&Rs.

## LEGAL STANDARD

28 U.S.C. § 636(b) permits a party to serve and file written objections to a magistrate judge's proposed findings or recommendations within fourteen days after being served with

[1] Docs. 12–14.
[2] Doc. 15.
[3] Docs. 32–34.
[4] Doc. 36.

a copy of the report and recommendations. The Court will review *de novo* the portions of the report and recommendations objected thereto. When no objections are timely filed, the Court need only review the magistrate judge's report and recommendation for clear error.[5]

## ANALYSIS

The case before the Court is not new. Plaintiff Peter Shah attempted to bring similar claims predicated on the same facts in 2023.[6] In *Shah I*, the Court dismissed the case without prejudice based on a lack of Article III standing. Shah initiated the present action shortly thereafter with a revised complaint.

### I. R&R Concerning Reeves County Sheriff's Motion to Dismiss

The R&R concerning the Motion to Dismiss filed by the Reeves County Sheriff was issued on April 28, 2026.[7] Plaintiff filed his objections on May 7, 2026.[8] The Court has conducted a *de novo* review of the R&R, the objections to the R&R, and the applicable laws. After that thorough review, the Court is persuaded that the Magistrate Judge's findings and recommendations should be adopted. The objections are **OVERRULED**.

### II. R&R Concerning Vital Energy's Motion to Dismiss

Next, the Court considers the R&R concerning Vital Energy's Motion to Dismiss.[9] The R&R recommends that the Court dismiss the claims against Vital Energy with prejudice based on Shah's lack of prudential standing. Vital Energy and Shah objected.

---

[5] Fed. R. Civ. P. 72 advisory committee's note.
[6] *Shah v. Maple Energy Holdings, LLC, et al.* (*Shah I*), No. A:23-CV-00819-DC (W.D. Tex. Sept. 30, 2025).
[7] Doc. 32.
[8] Doc. 39.
[9] Doc. 34.

Vital Energy argues that (1) the R&R erroneously found Article III standing in this case; (2) the R&R should have dismissed this case under res judicata because of how this Court ruled in *Shah I*; and (3) the R&R failed to reach the merits of the claims. However, the Court agrees with the R&R that prudential standing is the appropriate vehicle for dismissal in this case because of how the claims were pled.

In *Shah I*, Plaintiff lacked Article III standing because the pleadings did not establish a harm to a "legally protected interest" that could be "fairly traced" to Vital Energy's conduct.[10] This case presents a different scenario. Here, Shah pleads a property interest by arguing that the sheriff's sale of his land is void. He then asserts that Vital Energy's use of the land harms his alleged property interest. The Court finds this sufficient to satisfy the requirements of Article III standing.

Unfortunately, that finding does not save Shah's claims because he still lacks prudential standing. The complaint asserts a property interest where none exists. Under Texas law, Shah has no right to sue because "[t]he right to sue is a personal right that belongs to the person who owns the property at the time of the injury."[11] All of Vital Energy's challenged conduct occurred after Shah's legal interest in the land transferred to Maple Energy. Therefore, he did not own the land at the time of his alleged injury. The R&R correctly relies on prudential standing to dismiss the claims. Because dismissal is proper on jurisdictional grounds, the Court need not reach the merits of the claims. Vital Energy's objections are **OVERRULED**.

---

[10] *Shah v. Maple Energy Holdings, LLC, et al.* (*Shah I*), No. A:23-CV-00819-DC, at 13–14 (W.D. Tex. Sept. 30, 2025); *Cf. Texas v. United States*, 126 F.4th 392, 405 (5th Cir. 2025).
[11] *Exxon Corp. v. Emerald Oil & Gas Co., L.C.*, 331 S.W.3d 419, 424 (Tex. 2010).

Shah also raises numerous objections. Specifically, he argues that the R&R (1) misapplies the Rule 12(b)(6) standard, (2) improperly relies on non-binding authority, (3) erroneously dismisses the claims under prudential standing, (4) improperly relies on the analysis of an unadopted R&R, (5) cites to the wrong response in the record, (6) fails to address Maple Energy's indemnification of Vital Energy, and (7) unfairly dismisses the claims with prejudice. Arriving at the same conclusion as the R&R, the Court finds no merit in these objections. They are **OVERRULED** and the R&R is adopted.

### III. R&R Concerning Maple Energy, Riverstone, and Abbate's Motion to Dismiss

The Court also adopts the R&R concerning Maple Energy, Riverstone, and Abbate's Motion to Dismiss.[12] The R&R found that Plaintiff's claims against Defendant Abbate should be dismissed because the Court lacks personal jurisdiction over him. Additionally, it determined the claims against Maple Energy and Riverstone fail on the merits. The Parties objected.

Defendants argue that the R&R should have applied res judicata and collateral estoppel to dismiss Plaintiff's claims because there was a prior judgment by the Reeves County state court on this matter. The Magistrate Judge properly noted that the preclusion doctrines should be pled as affirmative defenses and are generally inappropriate for Rule 12(b)(6) motions.[13] Since the complaint neither incorporates nor attaches the prior state court judgment, the R&R recommends dismissal of Shah's claims based on their substantive deficiencies. The Court agrees with this approach. The objections are **OVERRULED**.

---

[12] Doc. 33.

[13] *Id.* (citing *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020)).

Shah, however, raises nine objections, arguing that the R&R mischaracterizes his claims, misapplies federal and state law, and unfairly dismisses his claims without prejudice. Having conducted a *de novo* review of the R&R, the objections, and the applicable laws, the Court finds that these objections are meritless. The Magistrate Judge's findings and recommendations should be adopted. The objections are **OVERRULED**.

### IV. R&R Concerning Maple Energy's Motion for Sanctions

Finally, the Court considers the R&R on Maple Energy's Motion for Sanctions.[14] Maple Energy asks the Court to label Shah as a vexatious litigant based on Shah's litigation history. The R&R recommends that the Court deny the motion.

Because no party in this case has filed timely objections, the Court reviews the R&R for clear error. Having done so and finding no clear error, the Court accepts and adopts the R&R as its own order. The motion is **DENIED**.[15]

## CONCLUSION

For the aforementioned reasons, the Court **ADOPTS** the R&Rs of the United States Magistrate Judge as its own orders.[16]

The Reeves County Sheriff's Motion to Dismiss is **GRANTED**.[17] Shah's claims against the Reeves County Sheriff are **DISMISSED WITH PREJUDICE**.

Vital Energy's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.[18] Shah's claims against Vital Energy are **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6).

---

[14] Doc. 36.
[15] Doc. 15.
[16] Docs. 32–34, 36.
[17] Doc. 13.

Maple Energy, Riverstone, and Abbate's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART**.[19] Shah's claims against Abbate are **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(2). Shah's claims against Maple Energy and Riverstone are **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6).

Finally, Maple Energy's Motion for Sanctions is **DENIED**.[20]

It is so **ORDERED**.

SIGNED this 23rd day of July, 2026.

DAVID COUNTS
UNITED STATES DISTRICT JUDGE

[18] Doc. 12.
[19] Doc. 14.
[20] Doc. 15.